**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK HARDY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14-cv-6519 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| EVENTPRO STRATEGIES, LLC, a Washington corporation, | ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Mark Hardy ("Hardy" or "Plaintiff") brings this action against Defendant EventPro Strategies, LLC ("Defendant" or "EventPro") on behalf of himself and all others similarly situated, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I.     NATURE OF THE ACTION

1.     This is an action for breach of contract on behalf of all individuals who worked on a temporary basis for EventPro and still have not received payment – months later – despite promises by EventPro to remit payment for services performed within 40 to 60 days.

2.     EventPro is a marketing company specializing in event staffing and promoting events hosted by well-known brand names and Fortune 500 Companies.

3.     Among other responsibilities, EventPro finds staff, or "Talent" as EventPro calls them, for marketing and promotion events throughout the nation. In addition to finding the Talent for these events, EventPro is also charged with administering the hiring and paying of the Talent.

4. EventPro promises to pay Talent within a 40-60 day period after work is completed.

5. Nevertheless, EventPro routinely fails to pay its Talent within this 40 to 60 day period and has failed to pay some altogether.

6. Accordingly, Plaintiff Mark Hardy brings this class action for breach of contract and to seek redress for the Class proposed herein.

## II. JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other Class members exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Defendant.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

## III. PARTIES

*Plaintiff*

9. Mark Hardy is an individual and citizen of the State of Illinois who performed work as a musician pursuant to an agreement with EventPro outside of the North Coast Music Festival in Chicago, Illinois on August 30, 2013.

10. Pursuant to the agreement Hardy signed with EventPro, EventPro promised to pay him and his bandmates a total of $850 for their performance within 40 to 60 days of the date of their performance.

*Defendant*

11. EventPro Strategies, LLC is a limited liability company that operates its principal office in Scottsdale, Arizona.

12. EventPro specializes in event staffing and marketing to promote both growing and well-known brands via such methods as street teams, PR Stunts, and Guerilla Marketing campaigns.

## FACTUAL BACKGROUND

13. EventPro Strategies, LLC staffs large scale marketing events across the United States for well-known brands requiring EventPro to hire and pay thousands of workers to staff events that take place throughout the entire country.

14. EventPro utilizes its "Talent Website" to find individuals, or "Talent", capable of carrying out a brand or company's plan to market itself.[1]

15. To attract Talent, EventPro promises good pay and significant perks. To receive these benefits, Talent must sign employment agreements that set forth their responsibilities and pay for any given event.

16. In addition to fulfilling any client specific demands such as composing original music, dressing as a brand mascot, or serving tables, EventPro requires its staff to complete certain paperwork, supply their own transportation to distant events, and to take and upload at least ten photographs at each event.

17. EventPro demands photographs be in complete uniform, contain brand images with the brand's logo centered, and at least two photographs must be group photos of the Talent "dressed properly per instruction, enthusiastic, and SMILING!"

---

[1] Event Pro Strategies Talent, EVENTPRO STRATEGIES, INC., http://www.epstalent.com/ (last accessed May 28, 2014).

3

18. As part of the employment agreement, EventPro further requires Talent to comply with a strict Cancellation Policy. The Cancellation Policy demands 48 hours notice, or proof that an emergency prevented Talent from arriving at work that day.

19. If EventPro's Talent complies with its stringent demands and any client-specific demands, EventPro promises to pay within 40 to 60 days of the completion of work.

20. Despite asking much of its Talent , EventPro routinely fails to live up to its end of the bargain and routinely fails to pay Talent within the promised 40 to 60 day timeframe, and often fails to pay Talent altogether.

*EventPro Breached Its Contractual Obligations to Mark Hardy And the Class*

21. Chicago, Illinois' North Coast Music Festival (the "Festival") took place on August 30, 2013 and attracted brands from across the country ready to market their products to the Festival's base of young consumers.

22. One such brand seeking to promote its brand to the Festival-goers was Virgin Mobile, which sought to promote the musical and audio capabilities of its new line of phones by hiring musicians to compose, produce, and play original works outside of the Festival using only Virgin Mobile cellular phones.

23. Virgin Mobile enlisted EventPro's services to help it find musicians capable of composing music and playing outside of the Festival only using Virgin Mobile's devices and applications.

24. EventPro posted this job listing on its Talent Website and us.music.jobs.com. The job listing stated it was seeking experimental electronic musicians and instructed those interested in the position to follow a link at the bottom of the webpage.

25. Plaintiff Mark Hardy saw the ad and followed the link to EventPro's Talent website, which informed him of the job's parameters as required by Virgin Mobile and EventPro.

4

Depending on EventPro's representations, Mark and his bandmates registered to be considered for the gig and were soon informed they had been selected for the position.

26. As part of their employment, Mark and his bandmates signed employment agreements with EventPro that outlined their rights and responsibilities for the job. Among the terms of the agreement, EventPro promised to pay them within 40 to 60 days after they completed the work.

27. Plaintiff and his bandmates fulfilled the requirements of their position, as set forth by the agreement, by composing entirely original music and performing at the Festival using only the phones supplied by Virgin Mobile and applications run on those phones.

28. Plaintiff and his bandmates performed for over 4 hours outside of the Festival.

29. Plaintiff and his bandmates also fully complied with all other requirements and conditions to payment.

30. At the conclusion of the gig, Plaintiff asked an EventPro representative when he could expect payment and was told he would be paid within two months of the August 30, 2013 Festival.

31. To date, twelve months after the performance, EventPro still has not paid Plaintiff.

32. Accordingly, EventPro breached its contractual obligations to Plaintiff.

*Plaintiff's Experience With EventPro Is Not Uncommon*

33. The website glassdoor.com allows a company's former employees to post candid comments regarding their experiences with an employer. EventPro's reviews show that the company frequently missed the mark on its promise to pay Talent within 40 to 60 days.

34. One such report is from a former Program Coordinator at EventPro who complains that "Talent will hassle you about the 40-60 day payouts (which usually end up being almost 90 days)."[2]

35. Former EventPro Talent reports the same: "I completed three events for this company starting in July of 2013. As of today Oct 2013 I have not received any payment. Yes they tell you it will be 45-60 days but it's going on 90 days now and when you call they tell you they don't know when the check will go out."[3]

36. Another states:

> You are told 6-8 weeks to be paid. When you call after emailing 3 people with no response at 9 weeks, you are told they actually have 45 business days (not holidays or weekends) not 8 weeks as stated in your contract. Then after working a $1200 job you get $300 after 10 weeks of waiting to be given the run around for the rest of your money. After 7 years of being a Brand ambassador, I cannot take the disrespectful way they treat BAs anymore. The lack of payment, communication, and general lack or respect for employees is disgusting.[4]

37. Thus, Plaintiff's claims regarding late payment from EventPro are not unique.

### IV. CLASS ACTION ALLEGATIONS

38. Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings Count I, as set forth below, on behalf of himself and a class of similarly situated individuals defined as:

> All persons who worked for EventPro on a temporary basis and were not paid, or were not paid within the promised 40 to 60 day period occurring after the event.

---

[2] Program Coordinator (Former Employee) from Scottsdale, AZ Comment to *EventPro Strategies Reviews*, http://www.glassdoor.com/Reviews/EventPro-Strategies-Reviews-E580853.htm.
[3] All errors in original. Anonymous Employee (Former Employee) Comment to *EventPro Strategies Reviews*, http://www.glassdoor.com/Reviews/EventPro-Strategies-Reviews-E580853.htm.
[4] All errors in original. Brand Ambassador (Current Emloyee) Comment to *EventPro Strategies Reviews*, http://www.glassdoor.com/Reviews/EventPro-Strategies-Company-Reviews-E580853_P2.htm.

Excluded from the class are EventPro and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

39. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

40. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class Members is impracticable. On information and belief, EventPro has employed and failed to timely pay thousands. The precise number of Class Members and their addresses is presently unknown to Plaintiff, but may be ascertained from EventPro's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

41. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members, including, without limitation:

   a. Whether Plaintiff and other Class Members indeed entered into a contract with EventPro;

   b. Whether EventPro breached that contract by failing to pay Plaintiff and other Class Members within the 40 to 60 day period it promises when they were staffed to work events through EventPro.

42. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class Members' claims because, among other things, all Class members were

7

comparably injured through the uniform misconduct described above and were subject to EventPro's breaches of contract.

43. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

44. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** EventPro has acted or refused to act on grounds generally applicable to Plaintiff and the Class Members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

45. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against EventPro, so it would be impracticable for Class Members to individually seek redress for EventPro's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## V. CLAIMS ALLEGED

### COUNT I
### Breach of Contract
### (On Behalf of the Class)

46. Plaintiff adopts and incorporates by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

47. Prior to working for EventPro, Plaintiff, his bandmates, and the other Class Members entered into a written contract with EventPro, the Agreement.

48. The Agreement is a valid, enforceable contract supported by consideration.

49. Plaintiff and each of the other members of the Class have satisfied all conditions precedent pursuant to the Contract.

50. Plaintiffs and each of the other members of the Class are not in breach of the Contract.

51. EventPro breached the Contract by failing to pay its temporary employees within the promised period of 40 to 60 days after the work was complete.

52. As a proximate consequence of EventPro's breach, Plaintiff and each member of the Class have suffered a loss of the value of wages due and any interest owed for EventPro's late payments.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, collectively on behalf of the Class, respectfully request the following relief:

    (a) that the Court determine that this action may be maintained as a class action, certify the Plaintiff to serve as representative of the Class;

(b) that EventPro's wrongful conduct alleged herein be adjudged and decreed to constitute breach of contract;

(c) that Plaintiff and each of the members of the Class be awarded damages; and

(e) that Plaintiff and each of the other members of the Class recover the amounts owed to them by EventPro and any interest owed for late payments; and

(f) that Plaintiff and each of the other members of the Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

Dated: August 22, 2014                                Respectfully submitted,

                                                      MARK HARDY, individually and on behalf
                                                      of all others similarly situated

                                                      By:_____
                                                          One of the Attorneys for Plaintiffs
                                                          and the Proposed Putative Classes

Joseph J. Siprut
*jsiprut@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
Brandon M. Cavanaugh
*bcavanaugh@siprut.com*
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
Tel: 312.236.0000
Fax: 312.948.9196


4841-3424-8986, v. 1